[Civ. No. 4071. First Appellate District, Division Two.—May 5, 1922.]

## JOHN DERN, Appellant, v. E. A. DEIN, Respondent.

[1] JUDGMENT—SATISFACTION—LACK OF CONSIDERATION—EFFECT OF.— An entry of a satisfaction of a judgment without consideration is not sufficient of itself to require a court to set the satisfaction aside on a motion to that effect, since the law does not invite litigation or encourage it to be continued, and a judgment creditor may terminate it by filing a satisfaction in the manner prescribed by section 675 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to set aside the satisfaction of a judgment. Edmund P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Geo. D. Collins, Jr., for Appellant.

Goldman, Nye & Surr and Morgan V. Spicer for Respondent.

NOURSE, J.—This is an appeal from an order of the superior court denying plaintiff's motion to vacate and set aside the satisfaction of judgment which had theretofore been duly executed and filed in the action. The appeal is presented upon a bill of exceptions which contains merely the affidavits which were presented to the trial court at the hearing upon the motion, a copy of the original judgment in the action, and a copy of the satisfaction of that judgment. There is also added to the transcript a copy of the judgment-roll made up after the trial of the original action in 1914, a copy of the minute order denying plaintiff's motion to vacate the satisfaction of said judgment, and a copy of the notice of appeal from said order. The record does not contain either the motion which was the basis of this order or the notice thereof, and we are unable to ascertain from the record the grounds upon which the motion was made. We are informed in the briefs that the motion was based upon the grounds that satisfac-

tion was made without consideration, that it was untrue in point of fact and that it was made merely for the purpose of releasing a certain lien of the judgment to assist the respondent in procuring a renewal of a loan which he had upon a piece of property covered by the judgment lien. If these were the grounds, and the only grounds, upon which the motion was made, they all present questions of fact which the trial court was called upon to determine. From the affidavits which are included in the bill of exceptions it appears that to some extent at least there was a conflict between the parties as to these facts. In support of the judgment, of course, we are bound to conclude that the trial court resolved these questions of fact against the appellant.

It is urged by appellant, however, that there is no conflict on the fact that the satisfaction was executed without consideration and that no part of the judgment was paid at the time when the satisfaction was executed. The facts are that appellant, who is the uncle of respondent, had recovered a judgment on default and that this judgment had become a lien upon a piece of property which the respondent owned. This property was subject to a prior lien evidenced by a deed of trust to a bank for a loan of money advanced to respondent. The time had come when this deed must either be renewed or foreclosed. If renewed it would become a second lien to the lien of appellant's judgment. When confronted with this situation the respondent sought his uncle and persuaded him to file and record a satisfaction of the judgment in order that he might renew the lien due the bank. The satisfaction was executed by the appellant and personally recorded by him upon the promise of respondent that notwithstanding the entry of the satisfaction of judgment he would make payments on the judgment when he was able to do so. It is not alleged that the satisfaction was procured by fraud, misrepresentation, or undue influence on the part of respondent. So far as appears, it was executed willingly and the affidavits submitted by respondent allege that it was executed after appellant had been fully and fairly advised of its true legal effect. It also appears that some time after the satisfaction was executed the respondent paid the sum of sixty-five dollars upon the judgment. In view of these facts we

cannot say that there is no conflict in the evidence presented; [1] but even if it were true that the satisfaction was entered without consideration, we do not understand that that fact alone requires the court on motion to set the satisfaction aside. The law does not invite litigation or encourage it to be continued, and a judgment creditor may terminate it by filing a satisfaction in the manner prescribed in section 675 of the Code of Civil Procedure.

Order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 31, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1922.

All the Justices concurred, except Wilbur, J., who dissented, and Lawlor, J., and Lennon, J., who were absent.

Shurtleff, J., was also absent and Richards J., *pro tem.*, was acting.